## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

SWINKERIA N. MALONE, on behalf of :
ALYRICA H. MALONE, :
           :
        Plaintiff, :
           :
v.                               :       CASE NO.: 1:15-CV-00074 (LJA)
           :
JOEL WERNICK, :
CEO, Phoebe Putney Memorial Hospital, :
           :
        Defendant. :
_____ :

### ORDER

Before the Court is Plaintiff Swinkeria Malone's Motion for Leave to Proceed *in Forma Pauperis*.[1] (Doc. 2). For the reasons that follow, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is **DENIED**.

### I.    PROCEDURAL BACKGROUND

On April 29, 2015, Plaintiff commenced the instant action by, *pro se*, filing a Complaint, and a Motion seeking leave to proceed *in forma pauperis* on her claims of discrimination based on race and gender, "child abuse," and "perjury with medical records." (*See* Docs. 1 and 2). On July 30, 2015, the Court entered an Order informing Plaintiff that, upon initial review of her Complaint, the Court found that it needed additional information about Plaintiff's contentions to properly evaluate Plaintiff's claims. (Doc. 4). Accordingly, the Court ordered Plaintiff to explain why the Court has jurisdiction over her claims. (*Id.*) On August 5, 2015, Plaintiff filed a Response to the Court's Order, stating in relevant part, "[t]his Court has subject matter jurisdiction because the Defendant receive [sic] federal

---

[1] Plaintiff Swinkeria N. Malone files suit on behalf of her minor daughter Alyrica H. Malone. (*See* Doc. 1). Further, for the purposes of this Order, the Court construes Plaintiff's Application to Proceed in District Court Without Paying Fees or Costs as Plaintiff's Motion for Leave to Proceed *in forma pauperis*.

funds."  (Doc. 5 at 1).

## II.    **DISCUSSION**

As a general matter, filings made by *pro se* parties are liberally construed.   *See Tannenbaum v. United States*, 148 F.3d 1262, 1263. (11th Cir. 1998) (recognizing that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  However, *pro se* litigants are still required to conform to procedural rules.  *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).  Federal Rule of Civil Procedure 8(a)(1) mandates: "A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

"Federal courts have limited subject-matter jurisdiction, or in other words, they have the power to decide only certain types of cases."  *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) (internal citation omitted).  Federal courts cannot properly exercise subject-matter jurisdiction unless (1) a plaintiff's claim involves a "federal question," or (2) there is "diversity of citizenship" among the parties.  *See* 28 U.S.C. §§ 1331, 1332. "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative at any stage in the litigation[.]"  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240 (2006); *see also Davis v. Ryan Oaks Apt.,* 357 F. A'ppx. 237, 237 (11th Cir. 2009).  In fact, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999).

Plaintiff's Response to the Court's Order, like her Complaint and Motion for Leave to Proceed *in Forma Pauperis*, fails to establish any basis for the Court's exercise of subject-matter jurisdiction in this action.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[i]f jurisdiction is based on either [federal question or diversity of citizenship], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends." (citing Fed. R. Civ. P. 8(a)).

First, even when liberally construed, Plaintiff's pleadings do not demonstrate the existence of the Court's "federal question" jurisdiction.  "A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh*, 546 U.S. at 513 (internal citation omitted).  Here, Plaintiff's Complaint baldly alleges three causes of action: "Discrimination: Gender and Race Base [sic], Child Abuse with a left clavicular fracture[,] and perjury with medical records."  (Doc. 1).  Plaintiff's assertion that, "[t]his Court has subject-matter jurisdiction because the Defendant receive [sic] federal funds[,]" (Doc. 5 at 1), fails to establish a basis for the Court's exercise of subject-matter jurisdiction over her claims.  *See Davis*, 357 F. A'ppx. at 238 (finding that "the mere receipt of federal funds by a private entity is not sufficient to invoke federal jurisdiction under 42 U.S.C. § 1983.") (citing to *United States v. Orleans,* 425 U.S. 807, 813-16, 96 S.Ct. 1971, 1975-77, 48 L.Ed.2d 390 (1976)).  AFurther, while Plaintiff alleges gender and race discrimination, she has failed to allege any facts to allow the Court to determine whether it has jurisdiction over such claims.  Accordingly, while Plaintiff's claims may be actionable under state law, Plaintiff cites no Constitutional or federal statutory provision that Defendant allegedly violated.

Plaintiff's Complaint also fails to allege "diversity" jurisdiction in this Court.  As the Eleventh Circuit pronounced in *Williams v. Best Buy Company, Inc.*, "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount [of] $75,000."  269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  Although Plaintiff seeks $1,500,000 in damages, (Doc. 1 at 2), her Complaint fails to establish diversity of citizenship among the parties because Plaintiff alleges that both Defendant Wernick and herself reside in Albany, Georgia.  (*See* Doc. 1 at 1); *See also Palmer v. Hosp. Auth.,* 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."

### III.    <u>CONCLUSION</u>

Therefore, the Court finds that Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(h)(3) because it fails to sufficiently allege the basis for the Court's exercise of subject-matter jurisdiction over her claims.  Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis,* and **DISMISSES without prejudice** Plaintiff's Complaint.  (Docs. 1 and 2).

**SO ORDERED**, this   13th   day of August, 2015.


      /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**